DAVID A. HUBBERT
Acting Assistant Attorney General

LANDON YOST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-2144 (v)
202-307-0054 (f)
Landon.M.Yost@usdoj.gov

Of Counsel:
BRYAN WILSON
Acting United States Attorney

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' COMPLAINT** |
| v. | ) | **TO TERMINATE ANY LEASHOLD** |
| | ) | **INTEREST IN REAL PROPERTY** |
| D.J. MOORE CORPORATION; ESTATE OF | ) | |
| OTTO DALE; and KEYSTONE | ) | |
| DEVELOPMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States of America, by and through its undersigned counsel, alleges as

follows:

1.     This is a civil action timely brought by the United States to terminate any leasehold or other interest in certain real property owned by the United States, described below, and to return possession of that property to the United States.

2.     This action is brought at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7402.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. § 7402.

4.     Venue is proper in the District of Alaska in accordance with 28 U.S.C. §§ 1391(b) because the real property that is the subject of this action is located in this judicial district.

## DEFENDANTS

5.     D.J. Moore Corporation may have had a leasehold interest in the real property described below that is the subject of the complaint. D.J. Moore Corporation was involuntarily dissolved by the State of Alaska in 2014 and appears to be defunct.

6.     By virtue of a partial assignment and transfer from D.J. Moore Corporation, Otto Moore may have obtained an undivided 25% interest in D.J. Moore's potential leasehold interest. Otto Moore died in 1996. His spouse Margorie Dale died in 2013.

7.     In the event of a default of the 1974 lease giving rise to such potential leasehold interest, Keystone Development, Inc. may have the right to reinstate the lease. Keystone Development, Inc. appears to be defunct as its most recent filings with the State of Alaska were in the 1980s.

## PROPERTY SUBJECT TO THIS COMPLAINT

8.  The real property for which the United States seeks to terminate any leasehold interest and return possession is an approximately 18-acre piece of property legally described as follows:

> That portion of United States Survey 4868 described as follows: Beginning at the Government witness monument located at the approximate midpoint of the southerly boundary of the entire U.S. Survey No. 4868, being also a point on the southerly boundary of the lands herein described, and running:
> 1.  Thence, south 79°00' west 153.67 feet to an unmarked corner on the southerly boundary of U.S. Survey 4868;
> 2.  Thence, north 10°59' west 659.65 feet to an unmarked corner on the northerly boundary of U.S. Survey 4868;
> 3.  Thence, north 78°58' east 456.36 feet along the northerly border of U.S. Survey 4868 to an unmarked corner;
> 4.  Thence, north 70°00' east 732 feet along the northerly border of U.S. Survey 4868 to an unmarked corner;
> 5.  Thence, south 10°59' east 659.92 feet to an unmarked corner located on the southerly boundary of U.S. Survey 4868;
> 6.  Thence, south 79°00' west 1034.69 feet along the southerly boundary of U.S. Survey 4868 to the Government witness monument which is the point of beginning of this description;
>
> And also known as Tract C, United States Survey 4868, according to an unrecorded Re-Tracement of Boundary and Map of Leaseholds as of October, 1974.

("subject property").

9.  On or about December 29, 1979, the IRS seized the subject property, which was owned by David Kennedy, who owed unpaid taxes.

10.  On or about March 6, 1980, the subject property was offered for public sale at the minimum price of $99,000.

11.  Pursuant to 26 U.S.C. § 6335(e)(1)(C), the subject property was declared to be sold to the United States at such minimum price.

3

12.    On September 2, 1980, a quitclaim deed dated August 22, 1980, was recorded in the Valdez Recording District for Alaska, which conveyed and quitclaimed the subject property to the United States.

13.    After the United States took title to the subject property, Alaska taxing agencies stopped collecting property taxes because the United States is generally exempt from such taxes under applicable law.

## LEASE RELATING TO THE SUBJECT PROPERTY

14.    On or about April 19, 1969, David Kennedy leased a 49 acre parcel he owned in Valdez, which included the 18 acre subject property, to D.J. Moore & Associates, which was succeeded by D.J. Moore Corporation. This lease was for an initial period of 25 years with an option to renew for an additional 25 years.

15.    On or about June 22, 1969, David Kennedy leased the same 49 acre parcel to Rivers Construction Company, which subsequently assigned its interests in the lease to Keystone Developments, Inc.

16.    Suit was filed concerning these duplicate leases in the Alaska Superior Court for the State of Alaska, Third Judicial District in *D.J. Moore Corporation v. Rivers Construction Company, Inc.*, Case No. 71-1439.

17.    On or about May 1, 1974, David Kennedy, as lessor, and D.J. Moore Corporation, as lessee entered into a lease ("1974 lease") of an 18 acre portion (the subject property) of the 49 acre parcel.

18.    The 1974 lease superseded the 1969 duplicate leases with respect to the subject property, and stated that it was for a term of 25 years with an option to extend the lease for another 25 year term, with such option to be exercised by May 1, 1994.

4

19.     On or about October 15, 1975, a Master's Report and Recommendation was filed in *David Kennedy and Keystone Developments v. D.J. Moore Corporation*, Case No. 75-4558, in the Superior Court for the State of Alaska, Third Judicial District ("Master's Report"). The Master's Report stated that the 1974 lease was an attempt to resolve the litigation related to the duplicate leases, as it provided for the dismissal of that case.

20.     The Master's Report stated that the 1974 lease was for a period of 20 years, with the option to renew for an additional 25 years.

21.     The 1974 lease states that it is an "integrated document containing all of the promises of the parties heretofore made and binds all parties … except that the First Amendment as executed by Keystone Developments, Inc., April 26, 1974 is a part of this agreement and binds all parties."

22.     The First Amendment provides that in the event of a default by D.J. Moore under the terms of the 1974 lease, the David Kennedy shall give notice to Keystone Developments of such default, and that if the default is not timely cured, Keystone Development "may reinstate that certain lease dated December 7, 1970 as amended, originally between David H. Kennedy and Rivers Construction Company, Inc." It further provides that after such reinstatement, Keystone Developments "shall take and continue in possession as lessee under and by virtue of such amended December 7, 1970 lease throughout the remaining term thereof together with the term as may be renewed under the option to renew." The terms of the December 7, 1970 lease included the same 25 year term and option to renew as the 1969 lease with Rivers Construction Company.

23.     The Master's Report found that the 1974 lease was a final resolution of litigation of all parties' interests in the subject property caused by the duplicate 1969 leases.

24.     On or about May 19, 1981, D.J. Moore Corporation assigned and transferred to Otto Dale, an individual, an undivided 25 interest in the leasehold estate derived under the 1974 lease.

25.     In June of 1981, Keystone Development informed the IRS that in the event of a default of the 1974 lease by D.J. Moore Corporation, that it intended to assert its right to reinstate the December 7, 1970 lease, and also recorded a notice of such intent.

26.     Shortly before the May 1, 1994 deadline for exercising the option to renew the 1974 lease, D.J. Moore exercised the option.

27.     The 1974 lease states that the lessee will quit and surrender the subject property at the end of the lease's term.

28.     The 1974 lease also states that in the event of default, or breach of the lease, that the Lessor may reenter and retain possession of the subject property.

29.     The 1974 lease requires that the lessee pay annual rent of $1,378.72 plus 10 percent of net profits, as defined in the lease.

30.     The 1974 lease further requires that the lessee agree to furnish the lessor with certain financial statements showing the profits or losses from the operations on the leasehold premises.

31.     The IRS demanded, but never received, such financial statements.

32.     In 2014, the lessee, D.J. Corporation, stopped making the annual rent payments to the United States.

33.     These failures to comply with the terms of the 1974 lease, separately and together, constitute a breach of the lease.

34.     In 2014, the IRS sent a number of letters to Tracey Moore, who was an officer of D.J. Moore Corporation, notifying her that D.J. Moore Corporation had breached the lease agreement and was in arrears on the annual rent. No one has responded to those letters.

35.     On September 17, 2021, the United States sent a letter to defendants to provide notice: (a) that the terms of the 1974 lease have been violated; (b) to quit possession of the subject property; and (c) that the United States intended to initiate judicial proceedings to terminate any leasehold interest in the subject property.

36.     With respect to D.J. Moore Corporation, this letter was sent c/o Tracey Moore by certified mail to 1318 Ivy Place, Victoria, B.C. V8R2X9, but had not been successfully delivered as of the filing of this complaint. On October 6, 2021, this letter was sent by email to ohyayu@shaw.ca. At the time of dissolution Marge or Marjorie Dale was listed as registered agent for D.J. Moore Corporation, and the address given for Ms. Dale was 1318 Ivy Place, Victoria, B.C. V8R2X9. Upon information and belief, that is Tracey Moore's most recent address. In the most recent filings with Alaska, Tracey Moore was listed as the President of D.J. Moore Corporation. Tracey Moore has also claimed in corporate filings of D.J. Moore Corporation to be the sole shareholder of this corporation. Tracey Moore also provided the email address of ohyayu@shaw.ca to Alaska in filings regarding D.J. Moore Corporation. This letter was also sent by certified mail to D.J. Moore Corporation at 1406 Zarvis Pl., Anchorage, AK 99508, because this was the last physical address for the corporation that Tracey Moore provided to Alaska (in 2013), but had not been successfully delivered as of the filing of this complaint.

37.     With respect to the Estate of Otto Dale, this letter was sent by certified mail to the Estate of Otto Dale c/o Estate of Marjorie Dale, c/o/ Tracey Moore at 1318 Ivy Place, Victoria, B.C. V8R2X9, and to the Estate of Otto Dale at 1406 Zarvis Pl., Anchorage, AK 99508, but had

not been successfully delivered as of the filing of this complaint. On October 6, 2021, this letter was sent by email to ohyayu@shaw.ca. In filings with Alaska regarding D.J. Moore Corporation, the two addresses above were associated with both Marge Dale and Tracey Moore.

38.     With respect to Keystone Developments, Inc., this letter was sent by certified mail to Keystone Developments at 4504 Spenard Road, Anchorage, Alaska 99502, and c/o Irene Bartee at 3944 Spenard Road, Anchorage, Alaska 99502, and c/o A.A. Helwig, c/o Monroe F. Marsh, at 0889 Wilshire Blvd., Los Angeles, CA 90024, but as of the filing of this complaint had not been successfully delivered. Keystone Developments appears to be defunct, but in its most recent filings with Alaska (in the 1980s) it declared its physical address to be at 4504 Spenard Road, Anchorage, Alaska 99502. It also declared that Irene Bartee was its registered agent with an address of 3944 Spenard Road, Anchorage, Alaska 99502. D.L. Cheney was listed as a director and vice president and the 4504 Spenard Road address, and L.F. Crumb was listed as Treasurer at that address. Notice was attempted to be sent to Keystone Developments, Inc., c/o A.A. Helwig, c/o Monroe F. Marsh, at 0889 Wilshire Blvd., Los Angeles, CA 90024, because both Helwig and Marsh were listed as directors of Keystone Developments at that address in its corporate filings with Alaska.

39.     Finally, pursuant to AS § 10.06.175, this letter was also sent by regular mail to the Commissioner of the Alaska Department of Commerce, Community and Economic Development.

### COUNT ONE: TERMINATE ANY LEASEHOLD INTEREST IN THE SUBJECT PROPERTY AND TO RETURN POSSESSION OF THAT PROPERTY TO THE UNITED STATES

40.     The United States incorporates and re-alleges as if fully stated herein each of the allegations contained in Paragraphs 1 through 39.

8

41.     By its own terms, the 1974 lease may have expired, as it was renewed in 1994 for a 25-year term. Therefore, the Court should terminate any leasehold interest held by defendants.

42.     To the extent the 1974 lease has not expired, however, or to the extent that any potential leasehold interest held by defendants may exist for whatever reason, such leasehold interest should be terminated.

43.     Lessee D.J. Corporation, and the Estate of Otto Dale, to the extent Mr. Dale had any leasehold interest in the subject property, are in violation of the terms of the 1974 lease as follows: (a) the United States through the IRS has demanded, but never received, the required financial statements referred to above; and (b) in 2014, the lessee stopped making the required annual rent payments to the United States.

44.     These violations constitute a breach or default of the 1974 lease, and the Court should therefore terminate any remaining leasehold interest held by defendants.


WHEREFORE, the United States prays for judgment in its favor determining that any leasehold interests held by defendants, or any rights to reinstate the 1974 lease, are terminated, and that the United States holds title to the subject property free and clear of any leasehold interests.

//

//

//

9

Respectfully submitted this 22nd day of October, 2021.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Landon Yost*
LANDON YOST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-2144 (v)
202-307-0054 (f)
Landon.M.Yost@usdoj.gov

Of Counsel:
BRYAN WILSON
Acting United States Attorney